IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 8:25-CR-235 |
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE'S ORDER OF DETENTION |
| DARNELL L. MATTHEWS, | |
| Defendant. | |

_____

## FACTS

Defendant is 20 years old. He has lived in Nebraska his entire life and resided at the same address with his aunt for the past 3-4 years.

At the hearing the Government offered evidence suggesting that Mr. Matthews was present in a vehicle for one shooting, possibly a shooter during another incident and general non-specific non-criminal activity (calling each other, hanging out at two different locations). All of the raised concerns can be addressed with a release plan that would limit where he visits, who he associates with and the nature and content of his conversations with others involved in the case.

Defense offered Mr. Matthews' cousin, Tiara Jones, as a third party custodian. During her unrefuted testimony, she indicated that she has appropriate accommodations for him, understands the responsibilities of a third party custodian and has no firearms at the residence or criminal record. (T.58:20-62:10). There was no evidence that challenged her fitness as a third party custodian.

The Court ruled that Mr. Matthews should be detained. (Doc. 249). The Court determined that there were no conditions or combination of conditions of release that would reasonably assure the safety of any other person and the community.

1

## ARGUMENT

A District Court reviews an order of release or detention de novo on the record. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985).

A court ***shall order*** the pretrial release of a defendant "***unless*** the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). (emphasis added).

In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court stated, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755; *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985) (stating "Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial."). Although pretrial detention may, in certain cases, serve a legitimate government purpose, the detention cannot be excessive in relation to the purpose. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions ... will reasonably assure the defendant's appearance ...." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (*quoting United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); 18 U.S.C. § 3142(c), (e)-(f).

The Pretrial Services Report indicated:

1. Matthews has lived in Omaha, Nebraska his entire life and has stayed at his current residence with his aunt for the past 3-4 years;

2. He has daily contact with his 1 year old son;

3. He has been in a relationship for at least the past year (his girlfriend suggested it was longer);

4. He does not possess a passport;

5. He is interested in seeking mental health counseling; and

6. He has no criminal record.

Tiara Jones would serve as an appropriate third party custodian. She indicated she had a place for him to live, would assist him in getting to his court hearings, and meetings with his pretrial office and attorney. She indicated she would monitor his actions and would report him if he failed to comply.

While the Government's evidence was highly suggestive of criminal conduct, it did not demonstrate any pattern of behavior that makes it impossible to fashion least restrictive alternatives to incarceration.

Specifically, the Government's evidence was:

1. Matthews was listed as a "lieutenant" of a gang in a slide. (T.15:6-8). Yet, when questioned about this, Detective Smith indicated that determination was based on "conversations" and "overall observations of gang dynamics" without any evidence offered to demonstrate Matthews received any orders or any evidence of him providing orders to others said to be under his alleged authority. (T.40:22-43:1);

2. Matthews' phone records suggest he *may* have been present for gatherings at locations where other members *may* have been discussing a shooting plan. (T.18:2-22; 43:3-6). (emphasis added);

3. Matthews is believed to be present in a car during two separate shootings and a possible shooter in one of them. (T.22:12-15; 23:9-16; 24:22-24; 38:5-13; 46:7-14; 29:15-17; 51:18-21). However, Officer Smith admitted that none of the shell casings had evidence of Matthews' fingerprints or DNA. (T.48:5-8; 49:11-25; 54:2-6);

4. Matthews was in possession of a firearm during a traffic stop in May. (T.34:9-12; 46:20-47:5); and

5. Matthews made a number of calls to individuals believed to be affiliated with a gang. (T.54:23-55:13).

During argument the Government made very general statements about public safety, Defendant's perceived "ability to impact what others do" (without any supporting evidence) and generalized concerns about the "integrity of the case". (T.63:9-64:3). Aside from testimony indicating that he may have participated in one of the shootings, there was no evidence to support any contention that he has the "ability to impact what others do" or that he posed any specific or articulated threat to the "integrity of the case".

Each of the Government's concerns can be addressed with least restrictive means such as GPS monitoring, home confinement/curfew, travel (and/or location) restrictions, third party custodial care, and restrictions on discussing the case and/or limiting who he communicates with. Although the Government's evidence suggested that Defendant's actions may have presented a temporary threat to the public, it failed to demonstrate by clear and convincing evidence that there were no conditions of release that could mitigate against any

4

perceived threat. The Court erred in not fashioning least restrictive means or honoring the tradition of defaulting to incarceration only after exhausting all available options.

Matthews respectfully moves this Honorable Court to sustain his appeal and deny the Government's request for detention.

## CONCLUSION

WHEREFORE, Defendant appeals the Magistrate Judge's Order of Detention dated December 15, 2025, and requests this Court release the Defendant upon the least restrictive conditions pursuant to 18 U.S.C. § 3142.

                         DARNELL L. MATTHEWS, Defendant,

BY:   /s/Jim K. McGough
        Jim K. McGough, #21194
        McGoughLaw P.C., L.L.O.
        319 S. 17th Street, Suite 333
        Omaha, NE 68102
        (402) 614-8655
        jmcgough@mcgoughlaw.com

CERTIFICATE OF SERVICE

      I certify that on February 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Ms. Lesley Woods
Mr. Patrick McGee
Assistant United States Attorneys
1620 Dodge Street, Suite 1400
Omaha, NE 68102
Lesley.Woods@usdoj.gov
Patrick.McGee@usdoj.gov

                              /s/Jim K. McGough
                              For the Firm